James R. Patterson (SBN 211102)
**PATTERSON LAW GROUP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dior Dee and Cory Raymond on behalf of themselves and all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; and SAMSUNG ELECTRONICS CO., LTD., a Foreign Corporation,<br><br>     Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **FRAUDULENT CONCEALMENT / NON-DISCLOSURE;**<br>2. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW;**<br>3. **VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW;**<br>4. **VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT; AND**<br>5. **UNJUST ENRICHMENT**<br><br>   **<u>JURY TRIAL DEMANDED</u>** |

## I.    INTRODUCTION

1.     This is a class action against Defendant Samsung for its failure to recall dangerous products, and failure to warn consumers of the dangers they pose.

2.     Samsung manufactures and sells smartphones, which pose a threat to the safety of consumers.   These dangers made international headlines when numerous Samsung Note7 devices exploded and burst into flames leading to a complete recall of the product.  Samsung continues to sell, market, and distribute other smartphones which are at similarly at risk of overheating, fire and explosion.  Samsung recalled the Note7 while leaving other dangerous products in the marketplace.

3.     Through its investigation of the well documented Note7 problems, as well as customer complaints, Samsung is aware of the issues with its smartphones, yet has failed to warn consumers of the dangers posed by the lithium ion batteries in the devices. Samsungs concealment leaves consumers with dangerous products.

4.     Samsung designs, manufactures and advertises the batteries in its smartphones to have maximum duration with minimum charge times.  Samsung also designs, manufactures and advertises its smartphones to have superior computing capacity and power, and to effectively run a multitude of applications and processes simultaneously.  The desire to design a product with each of these, and other, qualities led Samsung to manufacture smartphones which pose a risk of overheating, fire and explosion.  While Samsung recalled the Note7, it has failed, and continues to fail, to recall other dangerous products, failed to warn consumers of the dangers they pose.

## II.   JURISDICTION AND VENUE

5.     This action is within the jurisdiction of this Court by virtue of 28 U.S.C. § 1332(d)(2).   Plaintiffs and Samsung are citizens of different states and the amount in controversy of this action exceeds the sum of $5,000,000, exclusive of interest and costs.

6.     This Court has personal jurisdiction over Plaintiff Dee and Plaintiff Raymond because they reside in California, and submit to the Court's jurisdiction in this case.

/ / /

7.    This Court has personal jurisdiction over Samsung Electronics America, Inc., because it conducted and continues to conduct substantial business in California, has contracted to supply service products in California, and has sufficient minimum contacts with California, including: Samsung Media Solutions Center America, a division of Samsung Electronics America, Inc., is based out of Mountain View, California; and, Samsung Electronics America, Inc.'s printer product division is headquartered in Irvine, California.[1]

8.    This Court has personal jurisdiction over Samsung Electronics Co., LTD because it conducted and continues to conduct substantial business in California, has contracted to supply service products in California, and has sufficient minimum contacts with California, including: Samsung Strategy and Innovation Center, a global organization within Samsung's Device Solutions division, is headquartered in Menlo Park, California; Samsung Information Systems America is headquartered in San Jose, California; Samsung Semiconductor, Inc. is headquartered in San Jose, California; and, Samsung Open Innovation Center is located in Palo Alto, California.[2]

9.    Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1), which provides that venue is proper in any district where at least one defendant resides if all defendants are residents of the state in which the district is location. A corporate defendant is deemed to reside in any state where it is subject to personal jurisdiction (28 U.S.C. § 1391(c)), and as alleged herein, Defendant is subject to personal jurisdiction in California. In a state with multiple judicial

---

[1] See Samsung, U.S. Divisions, available at:
http://www.samsung.com/us/aboutSamsung/Samsung_electronics /us_divisions/;
http://www.samsung.com/ContactUs/ElectronicsAmerica/index.htm;
http://www.samsung.com/ContactUs/InformationSystemsAmerica/index.htm; see also Gannes, Liz, "Samsung Confirms Four New Bay Area Offices," Allthingsd.com (Dec. 29, 2012 at 2:13PM) available at: http://allthingsd.com/20121229/SAMSUNG-confirms-four-new-bay-area-offices/; "Samsung Electronics Announces New Silicon Valley R&D Center," BusinessWire.com (Sept. 19, 2012 at 9:00 AM) available at:
http://www.businesswire.com/news/home/20120919005456/en/Samsung-Electronics-Announces-Silicon-Valley-Center.

[2] *Ibid.*

districts, a corporate defendant is also deemed to reside in any judicial district within the state in which it would be subject to personal jurisdiction if that district were a separate state (or, if no such district exists, then the district in which it has the most contacts).  28 U.S.C. § 1391(d).  Here, Samsung does business throughout the District.  Accordingly, this Court has jurisdiction over this action and venue is proper in this judicial district.

## III.   THE PARTIES

### A.   PLAINTIFFS

10.    Plaintiff Dee is a resident of Sacramento, California.  Plaintiff purchased a Samsung Galaxy S7 smartphone in California, and suffered the injuries and damage complained of herein in the State of California.

11.    Plaintiff Raymond is a resident of Brentwood, California.  Plaintiff purchased a Samsung Galaxy S7 Edge smartphone in California, and suffered the injuries and damage complained of herein in the State of California.

### B.   DEFENDANTS

12.    Plaintiffs are informed and believe, and thereon allege, that Samsung Electronics Co., LTD. was, at all relevant times mentioned herein, a foreign corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at 129 Samsung-Ro, Yeongtong-Gu, Suwon-si, Gyeonggi-do, Korea. Samsung Electronics Co., LTD. is the parent company of Samsung Electronics America, Inc.

13.    Plaintiffs are informed and believe, and thereon allege, that Samsung Electronics America, Inc. was, at all relevant times mentioned herein, a New York corporation organized and existing under the laws of the state of New York and registered with the California Secretary of State to conduct business in California.  Samsung Electronics America, Inc. is also a wholly owned subsidiary of Defendant Samsung Electronics Co., LTD.

14.    Samsung is the largest seller of smartphones in the world, dominating 22.8% of the worldwide market in the second quarter of 2016, nearly double the market share of

the next highest competitor.[3]  In 2011 alone, Samsung reported $143.1 billion in sales and had 206,000 employees worldwide.[4]  As of March 2016, Samsung held the largest share of the United States' smartphone market, at 28.8 percent.[5]

### C.    AGENCY & CONCERT OF ACTION

15.    At all times herein mentioned, Samsung, and each of them, hereinabove, were the agents, servants, employees, partners, aiders and abettors, and/or joint venturers of each of the Samsung entities named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Samsung entities.  Each of the Samsung entities aided and abetted, encouraged, and rendered substantial assistance to the other Samsung entities in breaching their obligations to Plaintiffs and the Class, as alleged herein. In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the Samsung entities acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## IV.    FACTUAL BACKGROUND

### A.    SAMSUNG'S GALAXY S AND NOTE PRODUCTS

16.    Samsung makes Android-based mobile devices, including its popular "Galaxy" line of smartphones, phablets, and tablets. New flagship smartphones are released each year and are identified as part of the "Galaxy S" series. The first generation

---

[3] The next closest competitor was Apple with only 11.7% in worldwide sales of smartphones. "Smartphone Vendor Market Share, 2016 Q2," International Data Corporation (IDC), available at: http://www.idc.com/prodserv/smartphone-market-share.jsp.

[4] "Samsung Electronics Announces New Silicon Valley R&D Center," BusinessWire.com (Sept. 19, 2012 at 9:00AM) available at:
http://www.businesswire.com/news/home/20120919005456/en/samsung-Electronics-Announces-Silicon-Valley-Center.

[5] Spence, Ewan "Samsung Topples Apple as Galaxy S7 Defeats iPhone" available at http://www.forbes.com/sites/ewanspence/2016/05/04/samsung-overtakes-apple-us-smartphone-sales/#dcc15d3289f9

"Galaxy S" phone hit the market in June 2010, and was followed in subsequent years by the SII, SIII, S4, S5, S6, and S7. In between the roll-out of a new flagship model, Samsung commonly releases one or more iteration of the prior flagship model. These interim iterations are often followed by variants that have the word "Edge," "Edge+," or "Active" added to the model name. *See* Table in ¶22.

17.    In late 2011, Samsung began selling a high-end smartphone/tablet hybrid which it called the "Galaxy Note."

18.    Since April 2015, Samsung has released the following Galaxy S6, S7 and Note[6] models:

| GALAXY S SERIES | |
|---|---|
| Model | Release Date |
| S6 | April 2015 |
| S6 Edge | April 2015 |
| S6 Active | July 2015 |
| S6 Edge+ | August 2015 |
| S7 | March 2016 |
| S7 Edge | March 2016 |
| S7 Active | June 2016 |
| GALAXY NOTE SERIES | |
| Model | Release Date |
| Note 5 | August 2015 |
| Note 7 | August 2016 |

19.    The "Galaxy S" and "Galaxy Note" phones are powered by lithium ion batteries. Lithium-ion batteries power a host of consumer electronic devices, including computers and power tools.  Prior to the Note5 and S6 models, the battery was removable. For the Note5, Note7, S6, and S7 models, the battery is encompassed in the product and is no longer removable.

---

[6] Samsung did not release a "Note6."

20.    The S7 and S7 Edge, as well as the Note7, all pose a risk of overheating, fire and explosion as they were designed, engineered, developed, manufactured, produced and/or assembled in a substantially similar manner to the Note7.  While Samsung has recalled the Note7, it has not done so with respect to the Galaxy S7 and Galaxy S7 Edge (the "Subject Phones").

**B.    THE DANGERS OF THE LITHIUM ION BATTERIES IN SAMSUNG'S SMARTPHONES**

21.    The dangers posed by lithium ion batteries made headlines recently when numerous Samsung Note7 devices exploded and burst into flames. This caused the Consumer Product Safety Commission ("CPSC") to order a formal recall of the Note7. The Note7 devices have also been banned from all commercial air travel.  Samsung initially offered an exchange program for the Note7.  While investigation into the Note7 defect is ongoing, Samsung has admitted an unspecified "battery cell issue" is the root problem.

22.    Lithium ion batteries are often used in consumer electronics.  However, they present inherent risks which require software, hardware and design solutions and protections to operate safely.  The electrolyte material in the batteries is highly volatile, flammable, and potentially explosive if it gets too hot.

23.    Samsung initially stated the Note7's problem was limited to only one (1) of its two (2) battery supply sources.  After the initial recall and exchange of the Note7 devices, more explosions of the devices were reported.  On October 13, 2016, Samsung announced it was recalling all Note7 devices, original and exchanged, in cooperation with the U.S. CPSC and in partnership with carriers and retailers.

24.    Consumers could turn in their Note7 devices (both the original and exchanged versions) for refunds, exchanges for Samsung products or other smartphones and offered between $25 and $100 "bill credits."  Consumers who exchanged their Note7

for other Samsung devices were offered $100 bill credits.[7]   Consumers who elected to receive a refund or purchase a different brand of smartphone, were offered $25 bill credits, "less any incentive credits already received."[8]

25.    Outside of the Note7 recall, Samsung has taken no steps to recall or warn consumers about the risks of overheating, fire and explosion posed by its other Galaxy S and Note phones.

### C.    SAMSUNG WAS AND IS AWARE OF OVERHEATING PROBLEMS WITH THE SUBJECT PHONES, FAILED TO FIX THE PROBLEM OR WARN ITS CUSTOMERS

26.    Samsung made the choice to increase the power of the battery in the Galaxy S and Note phones despite knowing that older models and generations with less powerful batteries were experiencing problems with overheating, catching fire, and even exploding. The problem dates back several years; and well before the release of the Subject Phones. It is only with the Note7 that complaints of overheating, fire and explosion became so overwhelming that Samsung could no longer ignore or mask the problem.

27.    Despite knowledge and awareness, Samsung failed to fix the root problem, notify or warn the public of the dangers its electronic devices presented, initiate a recall of all devices where overheating, explosion, and/or fire were foreseeable, or otherwise address the problem. Instead, Samsung provided individual consumers with replacements without disclosing the risks and defects in the Subject Phones.

28.    The CPSC has recorded numerous consumer incident reports of Samsung phones and accessories overheating, catching fire, and even exploding.  The reports relate to a variety of devices—including the Galaxy S2, Galaxy Tab 2, Galaxy Tab 3, Galaxy S3, Galaxy S4 Active, Galaxy S5, Galaxy S6, Galaxy S6 Edge, and Galaxy S6 Active. The consumer complaints of such problems date back to August of 2011.

---

[7] For consumers who had already exchanged their phones, they were offered a $75 bill credit in addition to the $25 bill credit from the exchange program. *Ibid.*
[8] *Ibid.*

29.    Samsung is and was aware of these reports and the hazards posed by their phones because consumers report the incidents directly to Samsung, and Samsung has also acknowledged the reports by responding on the consumer agency's website with a boilerplate response.  Many consumers report that Samsung failed to take their complaints seriously, and refused to provide any compensation beyond merely replacing the dangerous and defective phones with similarly risky products.

30.    Despite knowledge of the overheating problem existing across multiple models and generations of Samsung phones and despite choosing to put increasingly powerful batteries in smaller spaces in the Galaxy S and Note phones, Samsung concealed from consumers the risks of fire, explosion and overheating.

31.    Samsung advertised and marketed the S7 models by explaining that it was "not just launching a new phone, we are launching a new way of thinking about what a phone can do."  Samsung stated, "our phones go everywhere with us," and told consumers "Time is valuable. If time is the most valuable thing, why would you waste time charging your phone" in advertising the "fast charging" capabilities of the S7 models.

32.    Despite these descriptions and marketing efforts, Samsung concealed from consumers the risks of overheating, fire, and explosion posed by the Subject Phones. Samsung's omissions were material to consumers' purchasing decisions in that had consumers been warned of the dangers of the products, they would not have purchased the phones or would have paid less for than they paid.

33.    On October 12, 2016, in the midst of the Note7 recalls, Samsung reportedly[9] sent push notifications directly to some of its consumers' smartphones:

---

[9] Haselton, Todd "Samsung to Galaxy S7 Owners: Your Phone is NOT Recalled" (available at http://www.technobuffalo.com/2016/10/12/galaxy-s7-not-recalled/).

Safety Recall Notice                                         ×

Your Galaxy S7 is not an affected
device.

The Galaxy S7 is not subject to recall.
You can continue to use your device
normally

34.    Samsung knew the Subject Phones were defectively designed or manufactured, would fail without warning, posed a risk to the public, and were not suitable for their intended use.  Until the problem became too widespread, publicized, and pervasive to ignore with the Note7, Samsung failed to warn Plaintiffs, the Class and the public about the inherent dangers of these phones, despite having a duty to do so. Additionally, Samsung has continued to fail to warn consumers of the dangers related to the Galaxy S and earlier versions of the Note, implying the Note7 is an outlier and that Samsung's other products are safe.

35.    Samsung owed Plaintiffs a duty to disclose the defective nature of Subject Phones, including the dangerous risk of explosion, fire and overheating, because Samsung:

a.    possessed exclusive knowledge of the defects rendering the Subject Phones inherently more dangerous and unreliable than similar smartphone products; and,

b.    intentionally concealed the dangerous situation with the Subject Phones through their marketing campaign and recall programs.

36.    Samsung, and each of them, designed, engineered, developed, manufactured, tested, produced, assembled, labeled, supplied, imported, distributed, and sold the Subject Phones and their component parts and constituents, which were intended by Samsung, and each of them, to be used as a consumer smartphone.

/ / /

37.    The Galaxy S7 is unsafe for its intended use by reason of defects in its design, engineering, development, manufacturing, testing, production, and/or assembly, such that it cannot safely serve its purpose, but can instead expose the public and Plaintiffs to serious injury.

38.    The Galaxy S7 Edge is unsafe for its intended use by reason of defects in its design, engineering, development, manufacturing, testing, production, and/or assembly, such that it cannot safely serve its purpose, but can instead expose the public and Plaintiffs to serious injury.

## V.    PLAINTIFFS' EXPERIENCES

### A.    Plaintiff Dee's Samsung Galaxy S7

39.    Plaintiff Dee purchased a Samsung Galaxy S7.  He purchased the phone as part of a single plan with Sprint and pays for the phone and cell phone plan.

40.    Shortly after the purchase the phone began malfunctioning and became pixilated.

41.    The phone consistently overheated and got hot to the touch.  During use of his phone and while operating certain applications the phone heats up and the screen appears discolored or pixilated. While charging the phone, Plaintiff Dee noticed that the phone would get extremely hot and feel like it was burning when he removed it from the charger.

42.    Plaintiff Dee also noticed that while he is talking on the phone it overheats, has issues connecting to the internet, randomly opens applications on its own, sends text messages to incorrect numbers, and fails to charge. All of these issues impair and impede his normal use of the product.

### B.    Plaintiff Raymond's Experience

43.    Plaintiff Raymond purchased two Samsung Galaxy S7 Edge phones as part of a single plan with Verizon.  Since the original purchase on or around April 2016, one of the originally purchased S7 Edge phones has needed to be returned and replaced.  He

purchased the phone as part of a single plan with Verizon and pays for the phone and cell phone plan.

44.    Plaintiff Raymond uses his Samsung Galaxy S7 Edge every day.  During use of his original phone and while operating certain applications the original phone heated up and the screen appeared discolored or pixilated. While charging the phone, Plaintiff Raymond noticed that the phone would get extremely hot and feel like it was burning when he removed it from the charger.

45.    Plaintiff Raymond also noticed that while he is talking on the phone it overheats, has issues connecting to the internet, randomly opens applications on its own, randomly dims, and fails to charge. All of these issues impair and impede his normal use of the product.

46.    When Plaintiff went to his carrier (Verizon) to replace the malfunctioning phone, he was told he needed to go through the manufacturer, Samsung, for replacement.

47.    Samsung sent a mailer envelope to return the phone and finally sent a replacement Samsung Galaxy S7 Edge.   This phone also runs hot and Plaintiff is concerned the product is not safe and poses a risk of fire.

## VI.    CLASS ACTION ALLEGATIONS

48.    The following Class and Subclass may properly be maintained as a Class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> **Class:** All persons residing in the State of California who purchased, in the State of California, at least one (1) of the Subject Phones at any time during the four (4) year period preceding the filing of this Class Action Complaint and continuing through the date of trial.   The Subject Phones are the S7 and S7 Edge (see ¶ 26).

> **CLRA Subclass:** All persons residing in the State of California who purchased, in the State of California, for **personal,** family, or **household** purposes, at least one (1) of the Subject Phones at any time during the three (3) year period preceding the filing of this CLASS Action Complaint.[10]   The Subject Phones are the S7 and S7 Edge (see ¶ 26).

_____

[10] Plaintiffs are representatives, and members of the Class and the CLRA Subclass. Because all members of the CLRA Subclass are also members of the Class, Plaintiffs will refer to the Class and the CLRA Subclass collectively as the "Class" unless otherwise specified.

49.     Excluded from the Class are Samsung, their employees, co-conspirators, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies; Class Counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case.  Also excluded are any individuals claiming damages from personal injuries arising from an overheating, fire, explosion or other incident. Further excluded is any individual who after purchase of a Subject Phone returned the Subject Phone and received a full refund of his or her purchase price.

50.     In the addition, the following Class may properly be maintained as a class action pursuant to FRCP 23(b)(2) on behalf of the following individuals:

**Injunction Class:** All persons residing in the State of California who, following trial, remain in possession of a Subject Phone.  The Subject Phones are the S7 and S7 Edge (see ¶ 26).

51.     Excluded from the Injunction Class are Samsung, its employees, co-conspirators, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies; Class Counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case.  Also excluded are any individuals claiming damages from personal injuries arising from an overheating, fire, explosion or other incident.

52.     Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Class, the CLRA Subclass, and/or the Injunction Class.  Plaintiffs will formally define and designate a Class definitions when they seek to certify the Classes alleged herein.

53.     Pursuant to Rule 23(a)(1), the Class is so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs believe there are millions of members of the Class.

54.     Pursuant to Rule 23(a)(3), Plaintiffs' claims are typical of the claims of the other members of the Class.  Plaintiffs and other Class members received the same nondisclosures about the safety and quality of Subject Phones.  Plaintiffs and Class

members purchased Samsung Galaxy S products that they would not have purchased at all, or for as much as they paid, had they known the truth regarding the overheating problems and fire hazards.  Plaintiffs and the members of the Class have sustained injury in that they overpaid for the Samsung smartphones due to Samsung's wrongful conduct.

55.    Pursuant to Rule 23(a)(4) and (g)(1), Plaintiffs will fairly and adequately protect the interests of the members of the Class and Injunction Class and have retained counsel competent and experienced in class action and consumer fraud and protection litigation.

56.    Pursuant to Rules 23(b)(2), Samsung has acted or refused to act on grounds generally applicable to the Injunction Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Injunction Class as a whole.  In particular, Samsung has failed to properly repair, exchange, recall or replace the Subject Phones.  Samsung also continues to sell the Subject Phones and has failed to properly warn consumers of the risks of overheating, fire and explosion with the Subject Phones.

57.    Pursuant to Rule 23(a)(2) and (b)(3), common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members thereof.   Among the common questions of law and fact are as follows:

a.    whether Samsung had knowledge of the defects affecting the Subject Phones;

b.    whether Samsung concealed defects affecting Subject Phones;

c.    whether Samsung violated the unlawful prong of the UCL by its violation of the CLRA;

d.    whether Samsung's omissions regarding the risks of the Subject Phones were likely to deceive a reasonable person in violation of the fraudulent prong of the UCL;

/ / /

e.    whether Samsung's business practices, including the manufacture and sale of phones with a risk of overheating, explosion and fire that Samsung failed to adequately investigate, disclose and remedy, offend established public policy and cause harm to consumers that greatly outweighs any benefits associated with those practices;

f.    whether Samsung's omissions regarding the risks of the Subject Phones were likely to deceive a reasonable person in violation of the False Advertising Law;

g.    whether Samsung was unjustly enriched at the expense of Plaintiffs and the Class;

h.    whether Plaintiffs and the Class are entitled to damages, restitution, restitutionary disgorgement, equitable relief, and/or other relief; and

i.    the amount and nature of such relief to be awarded to Plaintiffs and the Class.

58.    Pursuant to Rules 23(b)(3), a Class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable.   The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Samsung, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class.   A Class action would achieve substantial economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness.

59.    As a direct and legal result of the wrongful conduct and/or omissions of Samsung, and each of them, Plaintiffs have been harmed.

/ / /

/ / /

/ / /

/ / /

/ / /

# VII.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## FRAUDULENT CONCEALMENT/NON-DISCLOSURE
## CAL. CIV. CODE §§ 1709 AND 1710(3)
## (PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

60.     Plaintiffs and the Class hereby reallege and incorporate by reference each and every allegation set forth above, as if fully set forth in detail herein.

61.     Samsung, through its advertising and marketing of the Subject Phones, concealed, and failed to disclose, material information regarding the fact that the Subject Phones were defectively designed and prone to overheating, catching fire, and explosion despite knowing that such specific and material information to Plaintiffs and the Class.

62.     Samsung sought to fraudulently depict the Subject Phones as safe.  But these depictions failed to paint a true portrayal of the Subject Phones as Samsung concealed, and failed to disclose, material information regarding the fact that the Subject Phones were defectively designed and prone to overheating, catching fire, and explosion, despite sole and exclusive knowledge.

63.     At no time, did Samsung disclose to Plaintiffs and the Class that the Subject Phones were defectively designed and prone to overheating, catching fire, and explosion. Indeed, despite direct knowledge to the contrary, Samsung continually failed to disclose to consumers that the Subject Phones were defectively designed and prone to overheating, catching fire, and explosion.

64.     Plaintiffs and the Class interpreted Samsung failure to disclose and omissions as a representation that the Subject Phones did not pose the threat of danger by and through, among others, overheating, fire, and/or explosion.

65.     As a direct result of Samsung's failure to disclose that the Subject Phones were defectively designed and prone to overheating, catching fire, and explosion, Plaintiffs purchased or otherwise paid money for the Subject Phones which they otherwise would not have done had Samsung disclosed the fact that the Subject Phones were defectively designed and prone to overheating, catching fire, and explosion.

66.   At all times mentioned herein, Samsung was, and remain, in a superior position to know the truth about the Subject Phones and their propensity to overheat, catch fire, and explode.

67.   The facts concealed by Samsung are material facts because any reasonable consumer would have considered the fact that the Subject Phones' propensity to overheat, catch fire, and explode to be important in deciding whether to purchase the Subject Phones as opposed to another, but less expensive, smartphone.

68.   Plaintiffs and the Class reasonably and justifiably relied on Samsung failure to disclose that the Subject Phones were prone to overheating, catching fire, and explosion when purchasing the Subject Phones. Plaintiffs and the Class would not have purchased the Subject Phones were it not for the material omissions by Samsung.

69.   The intentional omissions by Samsung were a substantial factor in causing harm to Plaintiffs and the Class, and said harm would not have occurred absent the intentional omissions made by the Samsung.

70.   Samsung has deliberately caused and has intended to cause great harm to Plaintiff and the Class with full knowledge of the wrongfulness of their conduct. Plaintiffs further allege Samsung conduct as alleged above was despicable, was carried on with a willful and conscious disregard of Plaintiffs and the Class' rights and well-being, and subjected Plaintiffs and the Class to undue hardship. Therefore, Plaintiffs and the Class should be awarded punitive and exemplary damages sufficient to punish Samsung for engaging in this conduct and to deter similar conduct on its part in the future.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.
### (PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

71.   Plaintiffs hereby reallege and incorporate by reference each and every allegation set forth above, as if fully set forth in detail herein.

72.    Plaintiffs have standing to bring this action under the UCL because they have suffered injury in fact as a result of Samsung's conduct and have lost money through their purchase or payment for one or more of the Subject Phones, which Plaintiffs would not have purchased, or made a payment towards, if had Samsung not concealed the risks of overheating, fire and explosion described herein.

73.    Samsung's omissions, non-disclosures, concealments, and half-truths, constitute unfair, unlawful and/or fraudulent conduct under the UCL.

74.    Samsung's business practices, including the manufacture and sale of phones with a risk of overheating, explosion and fire that Samsung has failed to adequately investigate, disclose and remedy, offend established public policy and cause harm to consumers that greatly outweighs any benefits associated with those practices, violating the unfair prong of the UCL.

75.    Samsung's omissions regarding risks associated with the Subject Phones were likely to deceive a reasonable person, violating the fraudulent prong of the UCL.

76.    Samsung's violations of the CLRA and FAL alleged herein violate the unlawful prong of the UCL.

77.    Plaintiffs and the Class are entitled to full restitution and/or disgorgement of SAMSUNG'S revenues and profits resulting from the sale of the Subject Phones, and any other relief provided for under the UCL.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.
### (PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

78.    Plaintiffs hereby reallege and incorporate by reference each and every allegation set forth above, as if fully set forth in detail herein.

79.    Samsung, acting with intent to induce consumers to purchase the Subject Phones, in violation of Cal. Bus. & Prof. Code Section 17500, made or disseminated or

caused to be made or disseminated the misleading statements alleged herein based upon their concealment of the risk of overheating, fire and explosion associated with the Subject Phones.

80.     The facts omitted by Samsung were misleading to consumers, and the truth was and is known to Samsung, or by the exercise of reasonable care should have been known to Samsung.

81.     Plaintiffs and the Class relied upon Samsung advertising in their decisions to purchase the Subject Phones.

82.     As a direct and legal result of the wrongful conduct and/or omissions of Samsung, and each of them, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**
**CAL. CIV. CODE §§ 1750 ET SEQ.**
**(PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)**

83.     Plaintiffs hereby reallege and incorporate by reference each and every allegation set forth above, as if fully set forth in detail herein.

84.     California Civil Code section 1770(a) provides that it is unlawful to use unfair methods of competition and unfair or deceptive acts or practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.  California Civil Code section 1770(a) is specifically violated by, among other things:  "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have."  Cal. Civ. Code § 1770(a)(5).

85.     The acts and practices on the part of Samsung, as alleged herein, constituted and constitute unlawful methods of competition, unfair, or deceptive acts undertaken in a transaction which resulted in the sale of goods to consumers including, but in no way

limited to, Samsung failure to disclose that the Subject Phones were prone to overheating, catching fire, and explosion.

86.    Plaintiff seeks an order awarding restitution or disgorgement of Samsung's revenues and profits from the sale of the Subject Phones.

87.    As a direct and proximate result of Samsung's violations of the CLRA as alleged herein, Plaintiffs and Class have been injured by, including but not limited to, the following: (a) the infringement of their legal rights as a result of being subjected to the common course of fraudulent conduct alleged herein; (b) being induced to purchase the Subject Phones, which they would not have done had they been fully informed of Samsung's acts, omissions, practices, and nondisclosures as alleged herein, in violation of, *inter alia*, the CLRA, the FAL, and the UCL; (c) being induced to rely on Samsung's deceptive, fraudulent, and intentional omissions to their detriment as a result of Samsung's conduct as alleged in this Class Action Complaint, in violation of, *inter alia*, the CLRA, the FAL, and the UCL; and (d) unknowingly being subjected to fraudulent concealment and deceit as a result of Samsung's  conduct. Accordingly, Samsung engaged in acts of fraud, malice, or oppression and in conscious disregard of the rights and well-being of Plaintiff and the Class.

88.    As a direct and proximate result of Samsung conduct in violation of the CLRA, Plaintiffs and the Class have been harmed.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

### FIFTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### (PLAINTIFFS AND THE CLASS AGAINST SAMSUNG)

89.    Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth above, as if fully set forth in detail herein.

90.    As a result of their wrongful and fraudulent acts and omissions, as set forth above, pertaining to the Subject Phones, Samsung charged a higher price for the Subject

Phones than the Subject Phones' true value and Samsung obtained monies which rightfully belong to Plaintiffs and the Class.

91.    Samsung enjoyed the benefit of increased financial gains, to the detriment of Plaintiffs and the Class, who paid a higher price for Subject Phones which actually had lower values.  It would be inequitable and unjust for Samsung to retain these wrongfully obtained profits.

92.    Plaintiffs, therefore, seek an order establishing Samsung as constructive trustee of the profits unjustly obtained, plus interest.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor on every claim for relief set forth above and award them relief including, but not limited to, the following:

1.    An Order appointing Plaintiffs to represent the Class pursuant to FRCP 23(a) and designating Plaintiffs' counsel as Class Counsel;

2.    An order enjoining Samsung from any future violations of the CLRA, FAL and UCL;

3.    An order enjoining Samsung from selling the Subject Phones;

4.    For economic losses, in an amount according to proof at trial;

5.    For restitution for Plaintiffs and the Class in an amount according to proof at trial;

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

6.    An award for Plaintiffs for the costs of suit and reasonable attorneys' fees as provided by law;

7.    For interest upon any judgment entered as provided by law; and,

8.    For such other and further relief as the Court may deem just and proper.

Dated:  May 1, 2017                              PATTERSON LAW GROUP

                                         By: /s/ James R. Patterson

                                            James R. Patterson, CA Bar No. 211102
                                            402 West Broadway, 29th Floor
                                            San Diego, CA 92101
                                            Telephone:  (619) 756-6990
                                            Facsimile:  (619) 756-6991
                                            jim@pattersonlawgroup.com